## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

| | | |
|---|---|---|
| STEVEN DUANE DENT,<br>Reg. #67377-308, | *<br>*<br>* | |
| Petitioner, | * | |
| v. | * | No. 2:25-cv-00102-JJV |
| | * | |
| C. HUMPHREY, Warden,<br>FCI Low, | *<br>* | |
| | * | |
| Respondent. | * | |

## MEMORANDUM AND ORDER

**I.    BACKGROUND**

After Petitioner Steven Duane Dent pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, the United States District Court for the Eastern District of Michigan entered judgment on April 16, 2014, and sentenced Mr. Dent to 240 months' imprisonment to be followed by a ten-year term of supervised release. (Doc. No. 6-1.) At present, Mr. Dent is serving his sentence at the Bureau of Prisons' ("BOP") Forrest City Correctional Institution, and his projected release date is April 12, 2028. *See* https://www.bop.gov/inmateloc/.

In Incident Report No. 3764085, issued on April 25, 2023, Mr. Dent was charged with possessing a hazardous tool. (Doc. No. 6-2 at 34-37.) The BOP officer who authored the incident report explained that on that date, he witnessed Mr. Dent move an object under his blanket, and upon entering Mr. Dent's cubicle, "observed a silver in color AT&T LG cell phone and one black in color charging block under the blanket at the foot of his assigned bunk." (*Id*. at 34.) Mr. Dent was provided with a copy of the incident report on May 3, 2023, and advised of his rights during the investigative process. (*Id*. at 4, 29, 36.) Based on the investigation, the Unit Disciplinary Committee referred the matter to the Disciplinary Hearing Officer. (*Id*. at 4, 35.) On May 5, 2023,

Mr. Dent was informed of his rights at the upcoming disciplinary hearing, and he did not request a staff representative or any witnesses. (*Id*. at 4, 29-30, 39, 41.)

At the hearing conducted on May 8, 2023, Mr. Dent admitted to possession of a cell phone and cell phone charger. (*Id*. at 4, 29.) The DHO found Mr. Dent committed the act as charged, citing as evidence the narrative contained in the incident report, the chain of custody form for the cellphone, SIM card, and charger, supporting photographs, and Mr. Dent's admission. (*Id*. at 4, 30-31.) Mr. Dent was sanctioned with thirty days of disciplinary segregation, loss of visitation for 180 days, and loss of forty-one days of good-conduct time. (*Id*. at 4, 31.) Mr. Dent was informed of his appeal rights, the DHO report was completed on May 9, 2023, and Mr. Dent was provided with the report on May 11, 2023. (*Id*. at 4, 32.) Mr. Dent appealed to the Regional Director and Office of General Counsel, but he was unsuccessful. (*Id*. at 5, 48-52; Doc. No. 6-3.)

Mr. Dent brings the instant 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 1.) In his Petition, Mr. Dent takes issue with a section of the DHO report that describes the cellphone Mr. Dent was found to be in possession of as blue, and the location the cellphone was found in as a secured locker. (*Id*. at 6-7.) The section describes the evidence the DHO relied on and provides in part: "In addition, the DHO considered the Two (2) Supporting Photographs . . . depicting a blue AT&T cellphone . . . located inside of inmate Dent's secured locker." (Doc. No. 6-2 at 31.) Mr. Dent argues there is no evidence to support charging him with possession of that phone. (Doc. No. 1 at 7.) Mr. Dent alleges he has been "subjected to cruel and unusual punishment," and has suffered a "violation of . . . due process rights," because of his loss of good-conduct time, and requests restoration of that time as well as removal of the incident report from his files. (*Id*. at 6, 8.) Respondent C. Humphrey, Warden of the BOP's FCI Forrest City Low,

responds that Mr. Dent received all required due process and the DHO's decision was supported by some evidence. (Doc. No. 6 at 2-4.)

## II. ANALYSIS

In the context of prison disciplinaries, due process requires (1) advance written notice of the charges, (2) an opportunity to call witnesses and present evidence in defense, and (3) a written statement by the factfinder as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). These requirements were satisfied here. Mr. Dent received written notice of the charge on May 3, 2023, days before his May 8 hearing was held. (Doc. No. 6-2 at 4, 29.) Mr. Dent was given an opportunity to call witnesses and present evidence in his defense, which he declined. (*Id*. at 29-30.) And the DHO provided written statements detailing both the evidence relied on and the reasons for the sanctions. (*Id*. at 30-31.) Mr. Dent does not raise any issue in his Petition regarding these requirements, except to allege the DHO's report contains "conflicting evidence" because it contains a single reference to a blue cellphone found in Mr. Dent's secured locker. (Doc. No. 1 at 7.) A review of the DHO report (Doc. No 6-2 at 29-32) and the Declaration of Steven Grimm (*Id*. at 1-5), the DHO that presided over the hearing and authored the DHO report, shows this reference was included in error.

Due process also requires that a prison disciplinary be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Determining the sufficiency of the evidence does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Id*. Instead, the relevant question is whether there is "any evidence in the record that could support the conclusion reached" by the hearing officer. *Id*. at 455-56. "[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison

disciplinary violation, if the violation is found by an impartial decisionmaker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008).

Here, the incident report alone would have sufficed as "some evidence" to support the DHO's decision, and it was further corroborated by the chain of custody form for the silver cellphone, SIM card, and charger, supporting photographs of the silver cellphone and charger, and, most notably, Mr. Dent's admission that he possessed the cellphone. The incident report only described a silver cellphone and charger found in Mr. Dent's cubicle (Doc. No. 6-2 at 34-37), and aside from one reference to a blue cellphone found in a secured locker, the DHO's report consistently described the cellphone as silver in color (*Id*. at 29-32.) For these reasons, Mr. Dent has not demonstrated a due process violation.

Lastly, Mr. Dent claims the loss of forty-one days of good-conduct time amounts to cruel and unusual punishment in violation of the Eighth Amendment. (Doc. No. 1 at 6.) However, possession of a hazardous tool, in this case a cellphone, is a Greatest Severity Level Prohibited Act for which forty-one days' loss of good-conduct time is an acceptable punishment. *See* 28 C.F.R. § 541.3. Accordingly, I conclude no Eighth Amendment violation has occurred.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Dent's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED.

DATED this 28th day of July 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE